**DRIPPING SPRINGS WATER SUPPLY CORPORATION, Alva Haydon, O.C. Harmon, E.E. Myers, Mack Crow and Travis Garnett, Appellants,**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY,**
Appellee.

**No. 3–91–264–CV.**

Court of Appeals of Texas,
Austin.

April 8, 1992.

Rehearing Overruled May 6, 1992.

Tom Broussard, Broussard & Broussard, Austin, for appellants.

Iris Hefter Robinson, Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before CARROLL, C.J., and ABOUSSIE and SMITH, JJ.

CARROLL, Chief Justice.

This case is a dispute over the interpretation of an exclusionary provision in a "Public Officials And Employees Liability" insurance policy. A shopping center burned down because a fire hydrant did not work. Dripping Springs Water Supply Corporation ("Dripping Springs") was held liable for more than $300,000 in damages because it did not properly maintain the hydrant. After exhausting coverage under its other insurance policies, Dripping Springs turned to its "Public Officials And Employees Liability" policy with the International Surplus Lines Insurance Company ("ISLIC") to pay the balance. ISLIC refused to pay, claiming that its policy covered only "official misconduct" and that an exclusionary provision exempts it from payment for property damage or consequential damages arising from property damage. Dripping Springs disagreed with this construction of the exemption. Alternatively, Dripping Springs argues that even if the exemption applied, many of the damages for which it was held liable involved intangible losses not excluded from coverage.

Both parties moved for summary judgment on the issue of coverage based on their interpretations of the exclusionary provision. The trial court rejected Dripping Springs's partial motion and granted ISLIC's motion. There are no disputed facts, only the differences of the legal construction of the policy. We will affirm the trial court's judgment.[1]

## DISCUSSION

The dispute concerns Exclusion 5(b) of the policy, which reads as follows:

[ISLIC] shall not be liable to make payment for Loss in connection with any claim made against [Dripping Springs] allegedly, based upon or arising out of any one or more of the following:

\* \* \* \* \* \*

5. a. any damages, whether direct, indirect or consequential, arising from, or caused by, bodily injury, personal injury, sickness, disease or death;

b. loss or criminal abstraction of, damage to or destruction of any tangible property or the loss of use of such property by reason of the foregoing;

Dripping Springs contends that the last phrase in subsection 5(b), "by reason of the foregoing," means that Dripping Springs is insured against all liability except that property loss which is caused by the provisions in subsection 5(a). In other words, Dripping Springs believes that subsection 5(b) is contingent upon and intertwined with subsection 5(a), so that the exclusion for property loss only applies to property loss caused by "bodily injury, personal injury, sickness, disease or death." We disagree.

If we accept Dripping Springs's construction, section five provides property-loss exemption for ISLIC only in that rare circumstance where Dripping Springs acts, bodily harm results, and this injury somehow causes property damage. Under a proper reading of this policy, we believe that subsections 5(a) and 5(b) are separate exceptions; therefore, "by reason of the foregoing" applies to the preceding terms in subsection 5(b). This reading excludes cov-

---

1. In a summary judgment case, the court must decide whether a disputed material fact issue precludes summary judgment, with every reasonable inference and doubt resolved in favor of the nonmovant. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–549 (Tex.1985). We are mindful of this standard of review.

erage for any damage to, theft of, or loss of use of tangible property.

We recognize that if an insurance policy's provisions are ambiguous or subject to two or more reasonable interpretations, then we should adopt the construction which provides coverage. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex.1990). Here we find no ambiguity. Only one reasonable construction exists in this case—that which excludes coverage. This construction also matches the apparent intent of the parties upon signing the policy, since Dripping Springs contracted for official misconduct insurance, not property damage insurance, and the policy provides only this coverage.

Alternatively, Dripping Springs argues that many of the damages for which it was held liable are not damages to "tangible property"; therefore, ISLIC should be liable for that portion of the previous judgment which concerns intangible losses, regardless of exclusion 5(b). We disagree. We hold that the policy excludes coverage for any claim "arising out of" damage to any tangible property. All of Dripping Springs' liability arose out of the destruction of the shopping center by fire. The policy excludes liability for any loss based on or arising out of damage to or destruction of tangible property.

We conclude that, as a matter of law, the only reasonable construction of subsections 5(a) and 5(b) excludes liability for all damages arising from the fire. All points of error are overruled.

Therefore, we affirm the trial court's judgment.

Affirmed.